J. F. ANDERSON LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9103. Promulgated February 19, 1929.

*L. W. Scott, Esq.,* for the petitioner.
*J. L. Backstrom, Esq.,* for the respondent.

478

### OPINION.

SMITH: It is the contention of the petitioner that the collection of the additional tax liability for the calendar year 1918 is barred by section 250(d) of the Revenue Acts of 1918 and 1921. In short, these provisions of law require that the amount of income, excess-profits or war-profits taxes due upon prior income-tax returns shall be assessed and collected within five years from the date the return was filed, except in the case of false or fraudulent returns with intent to evade the tax. There is no contention made on the part of the respondent in the proceedings at bar that the return filed by or for the petitioner for 1918 was false or fraudulent. It is contended, however, by the respondent that the return filed on June 14, 1919, was not a return required by the Revenue Act of 1918, since it was not executed by both (1) the president, vice president, or other principal officer, and (2) the treasurer or assistant treasurer. The return was executed by the president and by the secretary. In *Indiana Rolling Mills Co.*, 13 B. T. A. 1141, the question was whether a return sworn to by the taxpayer's vice president and secretary was in the circumstances of that case a valid return. We held that it was. We stated:

The prime object of the legislative intention was manifestly to require that the specified information be furnished under oath by the corporate officers, and where such information is fairly and honestly given in a return sworn to by the vice president and secretary of the corporation the legislative purpose is achieved in no less degree than if the return had been sworn to by the vice president and treasurer or assistant treasurer.

To the same effect was the decision of the Board in *Edwin J. Schoettle Co.*, 13 B. T. A. 950.

In the proceeding at bar the functions of the treasurer were being exercised by the persons who signed the return. We therefore think that the return was properly executed.

The return was filed on June 14, 1919. The additional tax claimed to be due for 1918 in the amount of $46,540.34 was assessed on May 29, 1924. No action was, however, taken by the respondent for the collection of the tax within five years from June 14, 1919. The filing of the bond on April 17, 1926, was not a valid consent extending the time within which the claimed deficiency could legally be collected. *C. B. Shaffer*, 12 B. T. A. 298; *American Powder Mills*, 12 B. T. A. 305; *Edwin J. Schoettle Co., supra.* The assessment of the tax claimed to be due on May 29, 1924, did not operate to extend the period for collection. *Russell* v. *United States*, 279 U. S. 836.

Reviewed by the Board.

> *Judgment of no deficiency will be entered for the petitioner.*